**HAAS INTERNATIONAL SALES & SERVICE, INC., Plaintiff and Appellee,**

v.

**K & K TRUCKING, INC., Defendant and Appellant.**

**Civ. No. 10885.**

Supreme Court of North Dakota.

Nov. 25, 1985.

Thomas F. Kelsch [argued], of Kelsch, Kelsch, Ruff & Austin, Bismarck, for defendant and appellant.

David A. Tschider [argued], of Tschider & Smith, Bismarck, for plaintiff and appellee.

GIERKE, Justice.

This is an appeal by defendant-appellant Kent Johanneson, from a judgment by the District Court of Burleigh County. The sole issue on appeal is whether or not the trial court committed prejudicial error in its instruction to the jury relating to when an agreement should be construed as a contract of guaranty. We affirm.

Plaintiff-appellee, Haas International Sales & Service, Inc. [Haas] entered into a lease agreement with B & K Trucking [B & K], a partnership whose general partners were Robert Sande and Ken Berger. This lease agreement provided that Haas would lease semitrailer and tractor rigs to B & K.

Late in 1978, Kent Johanneson, a licensed attorney, began negotiations to acquire Robert Sande's interest in B & K. A new entity was to be formed, known as K & K Trucking, Inc. [K & K]. As a prerequisite to Johanneson's acquisition of Sande's interest, Johanneson agreed to take over Sande's personal liability on the trailer and tractor leases executed with Haas. This agreement, typed on Haas's stationery, reads as follows:

"March 30, 1979

"THIS LETTER IS TO CERTIFY THAT UPON MY SIGNATURE I, KENT JOHANNESON, DO TAKE ANY AND ALL RESPONSIBILITY IN RELATION TO THE LEASES BETWEEN HAAS INTERNATIONAL SALES & SERVICE, INC. & K & K TRUCKING, AND B & K TRUCKING OF DICKINSON, NORTH DAKOTA AND ALSO RECOGNIZE THAT ROBERT SANDE WILL BE RELEASED FROM ANY AND ALL RESPONSIBILITY IN CONNECTION WITH THE FOLLOWING LEASES:

" 1- 1978 GIBB 43' TRAILER        S/N 11719
 1- 1978 IH COF4070 TRUCK      S/N HGA22971
 1- 1978 IH COF4070 TRUCK      S/N HGA17195
 1- 1978 GREAT DANE TRAILER   S/N 20496
 1- 1978 IH COF4070 TRUCK      S/N HGA17139
 1- 1978 IH COF4070 TRUCK      S/N HGA17273
 1- 1978 HOBBS TRAILER          S/N FHY864401
 1- 1978 HOBBS TRAILER          S/N FHY864403

[signed]
KENT JOHANNESON

[unsigned]
ROBERT SANDE"

The agreement was executed by Johanneson on March 30, 1979 and delivered to Haas.

Following Johanneson's execution of the above agreement, Haas delivered to Sande a release of all liability. Haas subsequently leased additional trailer and tractor units to K & K.

K & K allowed a default judgment to be entered against it after failing to make the required lease payments. The only issue at trial involved the personal liability of Johanneson for the defaulted lease payments.

By this appeal, Johanneson seeks a new trial based upon whether or not the trial court committed prejudicial error in its jury instruction relating to when an agreement should be construed as a contract of guaranty.

■ We have stated that jury instructions are to be regarded as a whole when we consider their correctness. *Schwartz v. Ghaly*, 318 N.W.2d 294, 301 (N.D.1982). This means that an instruction which is insufficient or erroneous standing alone may be considered cured if the instructions as a whole fairly advise the jury as to the law which pertains to the essential issues. *Wasem v. Laskowski*, 274 N.W.2d 219, 222 (N.D.1979).

At trial, Haas asserted that the March 30 agreement was a continuing personal guaranty by Johanneson of all past, present, and future leases as executed between Haas and B & K and Haas and K & K. Johanneson, on the other hand, denied the agreement was a personal guaranty to Haas, rather asserting it was meant as an agreement of indemnity between Johanneson and Sande.

Johanneson objected to a portion of the jury instructions on the basis that it would tend to confuse or mislead the jury as to the proper categorization of the March 30 agreement. After properly instructing the jury as to the statutory definition of a guaranty, the court added:

"If the language of the agreement in this case indicates an intention to answer

for the principal debt or obligation of another, the writing should be construed as a contract of guarantee. The word guaranty need not appear in the writing."

The objection was overruled and the jury received these lines as a portion of the instructions.

Johanneson, however, did not offer an instruction on indemnification after his objection was noted. Such an offering from Johanneson could have cleared up any confusion which he asserts was created in the minds of the jurors.

We find the jury instructions when regarded as a whole do not constitute prejudicial error. These instructions as a whole properly informed the jury. Therefore, there was no error of law and the trial court did not abuse its discretion in denying a new trial. Accordingly, the judgment of the trial court is affirmed.

MESCHKE and LEVINE, JJ., and PEDERSON and ILVEDSON, Surrogate Judges, concur.

PEDERSON and ILVEDSON, Surrogate Judges, sitting in place of ERICKSTAD, C.J., and VANDEWALLE, J., disqualified.